Good morning, Your Honors. Good morning. Doug Silverstein of Kesslick & Silverstein on behalf of Appalachian First Transit, Inc. Thank you. Good morning, Your Honors. Anthony Brasser on behalf of Appalachian Standard Brand. Thank you very much. Good morning, Your Honors. Pat Stockhelper on behalf of Dr. Michael Hadley. Very good. Thank you very much. Now, we have 20 minutes aside here, so I expect you two have arranged prior that we're going to have one 20-minute argument, and you can break it up the way you want to. All right. That'll be good. Okay, then, for Ms. Brands, we'll turn the time over to you. You have 20 minutes, and, of course, if you want any rebuttal, you better save it for yourself. You need some part of that 20 minutes, but we'll hear you first. Thank you. Good morning again, Your Honors. I must apologize for the fact that coupled with my accent, I also have a cold like the first attorney that appeared in this court this morning. So you may have to maybe strain yourself to understand me, but I apologize for that. We all know why we are here, which is the action brought by Sandra Brands against Defendant and Appellee First Transit and Dr. Hadley. In the Los Angeles Superior Court and the Appellee First Transit, coupled with a co-defendant at the time, Coach USA removed the action to the district court. Motion to strike was granted in the district court following the motion filed by Appellee First Transit, and we appealed that decision because we believe that the reasoning, the legal reasoning and the factual reasoning was erroneous. I know the First Transit relied on the Garmon case, which we argued in our brief was inapplicable or is inapplicable under the circumstances, because the action that the appellant filed with the National Labor Relations Board had to do with her union activities. But in the action that was filed with the district court, even though she stated in detail the activities that she participated in while as a union leader, she also clearly stated that she was a disabled American and the defendants, the appellees, violated the provisions of the Americans with Disabilities Act. Now, counsel, let me get this straight. First of all, your notice of appeal was a little unclear to me. It says in there that you want to appeal the motion to dismiss entered on the 12th of December of 2005. There wasn't any motion to dismiss entered then. It was a motion to strike. And there was a motion to dismiss, which was entered on October the 18th of 2005. Are you appealing the motion to dismiss entered on October 18? Your Honor, I appealed the orders that were entered by the judge in this case. The motion to strike, the motion to dismiss, I believe I clarified that in my reply brief. And you're going to appeal also the motion for summary judgment as it relates to the claim for the FMLA? Correct, Your Honor. I said I appealed that, and I believe I briefed that. So all three you've appealed? Yes. I stated that in my notice of appeal, but the dates, as the court correctly stated, were off. But the motion to strike, I believe, was predicated upon the motion to dismiss, because when the... The motion to dismiss said that what you had pled thus far was preempted by Garmin. Correct? But the court did not give any written ruling as to that. I understand. But the argument is that the complaint was originally set out, claiming that all of these had to do with her union activity. Every time that she had this happen because of her union activity, she had that happen because of her union activity. If, one, we're going to review this amended complaint or the original complaint as it was set out, it seems to me that Garmin presumption would forbid us getting involved in that particular situation. Well, the... Now, that's for the original complaint. I realize that you've amended, and I'm glad to go to the amendment, but my worry is that as to the original complaint, the way you pled it, every one of them conducted to the fact that she was a union member, I'm having a tough time seeing why that is not a Garmin preemption, which forbids regulation of activities protected under Section 8 or an unfair labor practice under Section 9. Or, excuse me, the first was Section 7 or the unfair labor practice under 8. Well, Your Honor, the court may very well be right, but these union activities we pled under the general allegations in the claims, the causes of action, we never actually sued for violation of any union activity. We pled under general allegations. We use the factual and procedural history of the claims that we have. Well, I understand that, but if it relates to union activities, which each one of those did in the original complaint, then the NLRA says you better go see the National Labor Relations Board. They're the ones who generally make sure that law is applied correctly. Well, let's move on past that, if that's going to be your answer. Now we've got, you were allowed to amend the complaint, and then on the amendment, the judge on a motion to strike struck three of the amended claims, correct? Correct, Your Honor. And left one extra. Yes, Your Honor. And we saw on the motion to strike, we have three claims, and on the one extra, he did a motion for summary judgment. Summary judgment. All right. Let's move to those. What are you going to say about that motion to strike? Well, Your Honor, I believe the motion to strike, the court heard also, because when the judge gave me leave to amend, the ruling did not restrict me as to what to plead and what not to plead. The court gave me a blanket leave to amend, and when I amended, I pled new causes of action against the defendant first transit. But these causes of action were actually pled against co-defendant four in the original complaint. So, and I have argued in my brief, there was no prejudice to first transit, because it was actually the same factual facts that are leading to these additional legal theories. So, on that basis. They were exactly the same, because now you left out the union activities, correct? Correct, Your Honor. And when was the trial? I believed it. The trial was scheduled for about 30 days away. I'm not sure of the exact date, but it was 30 days away at that point. All right. And so then the judge says on a motion to strike, which I don't think he really was seeing a motion to strike. I think he was seeing an objection to the motion to amend, but we'll ask counsel about that. I mean, the honest truth, he said, hey, it's too prejudicial to file these claims now. We're at trial. How do you respond to that? Well, Your Honor, that is the appellant that brought the motion to dismiss at that time. Well, he brought a motion to dismiss previously, then you amended, now he's making a motion to strike. Yes, but what I'm saying is when I amended, I amended in accordance with the court order. I see. So if the court gives me leave to amend without restricting me to areas on which to amend on, I believe I'm protecting the interest of my client in amending to encompass all the possible claims that she may have. Well, then the opposition filed a notice, well, a motion to strike, which was to strike your amendments, and the judge granted them except as to one of those. And he did so because he said it was prejudicial to the other side. What is your argument to that? I mean, here we are right on the eve of trial. Well, I believe we argued that it was not prejudicial because the discovery was complete at that point. The issues that we, the claims that we had were claims that were already, where the proof was already in evidence, and the respondent, the appellant, had actually filed a motion for summary judgment on those claims, on those new claims. Were there facts on which those claims would survive? I believe I... Because it's futile is another way to get rid of a motion to amend, you know. There were facts, Your Honor. I believe I stated that in my opposition to the motion for summary judgment, which is on the record, and I also believe that there were sufficient facts for those claims to survive. Your Honor. And going to the related case, I don't want to be constrained with time, Your Honor. My worry is that there was a retaliation claim which was filed in the amended complaint. Yes, Your Honor. There was an infliction of emotional distress which was filed in the original complaint. That was... Or, I mean, in the amended complaint, and those are totally new claims. Those were against them. Those were against, I believe, Dr. Hadley. Yes, and not only that, but you brought in a new party. Well, at the trial on the eve... Let's ask about the sequence. What was the date when you filed your amended complaint? Your Honor, I complied with the 20-day leave that I was given to file the amended complaint. So how long after that, before the opposition brought forth a motion to strike? As I understand the sequence, there was a pretrial hearing, date for trial was set, you amended, and then the opposition waited four months or so before they moved so that it was very close to trial. But they could have, as far as I can tell, they could have made their motion many months earlier. Am I wrong? You're not wrong, Your Honor. And that is the point I tried to make earlier, that my amendment was based on their motion for... The amendment I made was based on their motion to dismiss. Because when they filed a motion to dismiss, and I was granted leave to amend, I amended within that 20 days. So I did not file a motion for leave to amend close to the trial. I was simply following the court's order. And the court's order was based on the motion that the appellee has filed. Was there ever an answer filed? There was an answer filed by the appellee, Dr. Hartley. Then it was first transit that filed the responsive pleading, which is the motion to strike. The motion to strike is a responsive pleading? Motion to strike, I believe, is a responsive pleading to the first amended complaint. Okay. Dr. Hartley actually filed an answer. But the court also struck my complaint as to Dr. Hartley based on first transit's motion to strike. Well, suggesting that filing this at this day, that it was too close to trial, and therefore it was not something that could be had at that point. Saying, go file that in another action. I mean, I don't know what it said. I mean, I'm kind of like Judge Fletcher here. We've got Judge Reel again. We're guessing. We don't know what it said. But we know that he said it was prejudicial to the parties. That seems to be a notion that it's too close to trial. Well, correct, Your Honor. And that brings us to the related case, because like the court correctly noted, we don't know what the order says. Now I go to state court concerned about my client's state's rights. I'm not sure at this point whether she still has her state's remedies. So I filed a complaint in the state court to protect the statute of limitation as I stated in my brief. This case, which has been termed Grants 2 in our respective briefs, wasn't correctly filed, because the clerk of the court has misadvised my legal assistant that it should be termed amended complaint. Then we filed Grants 3, curing that defeat, supposedly. I get a meet and confer letter from First Transit. I review the cases the case decided, found out they were right. I immediately dismissed Grant 2. Even when this case was pending in this court, they allege in their brief, in their opening brief and their responsive brief, that I had refiled Grant 2. And in my reply brief, this is way before the case was removed to federal court, I again told them there was no case pending. Okay. In my culture, when you are accused of abusing a king and you are brought to a hearing, the king is there, the question is, did you abuse me? And you say, no, case is dismissed. That is simply logical. The claim that I filed Grants 2, I told them there is no case pending. I won't try to dismiss. The court can't dismiss because there is no case pending. Same case, they removed to the federal court. Federal court assumes jurisdiction. We have stated in our brief that the federal court cannot assume jurisdiction under those circumstances, because it goes against the theory of derivative jurisdiction. Where the lower court has no jurisdiction, or the state court has no jurisdiction, federal court cannot assume jurisdiction. And we went forward in our brief to enumerate all of the circumstances that would make the case not properly before the superior court. And rightly so, the superior court never assumed any jurisdiction. But federal court assumed jurisdiction on the case that was not pending, and I was sanctioned and penalized. So that is the related case that is before this court. Nothing finally went to trial. There was no trial about anything. Sorry, Your Honor, I didn't get that. They were all disposed of by motions that the defendant made that were granted by the judge. So there was no trial. No trial, Your Honor. He granted summary judgment on the one remaining. The court granted summary judgment on the one remaining. But while that appeal was pending, the appellee again removed Grants 2, which we are claiming was not properly before the superior court, to federal court. And again, filed motion under Rule 11, in that case, for terminating sanctions and for attorney fees, which the court granted. So this is actually a consolidated appeal. We are arguing again, or we are arguing that in that Grants 2, the district court had no jurisdiction, because there was no case pending in the superior court. There was no case actually removed to the district court. Because district court can only assume jurisdiction when the case is properly before the superior court. Interestingly, in the appellee's response, they never addressed that issue. And in the judgment granting their motion for terminating sanctions and civil penalty, they referred to documents in Grants 3, a case that was dismissed, not before the court, and the judge again signed off on the order, stating that an improper proof of service was filed in a case that has been dismissed and not before the court. All these, I believe, were stated in my brief. So this ---- I believe my time is up. Thank you very much. Thank you. Good morning. May it please the court, Doug Silverstein of Kessler & Silverstein on behalf of First Transit. I was listening very carefully to Your Honor's comments, and it seems that you have honed in on the critical issues in this case. There were numerous defects in the complaint that was initially filed by Ms. Brands in the district court. That all may be, but let's start out with you're moving to strike because the amended complaint went beyond the scope of what was allowed. There was nothing in the dismissal that limited the scope of what the amendment could be. They could have parties. They could have causes of action. Your Honor, the issue before the district court when it granted the motion to amend, we had brought a motion to dismiss for lack of subject matter jurisdiction based on Garmin preemption. That was the issue before the court. And Mr. Agbasi on behalf of his client asked for the opportunity to be able to amend to cure those jurisdictional allegations. Well, he did by pleading other things. Well, what he did was to add entirely new causes of action, bring in a new party. There's ---- but there was nothing in the dismissal who said that circumscribed his ability to amend. You and I can debate that, I guess, at length. But now tell me, what can you use a motion to strike for? Well, as a response ---- Go to the rule and tell me what the rule says. I apologize. I don't have the rule in front of me, but we typically use a motion to strike as part of a response of pleading if there's some matter in a complaint that needs to be responded to. Well, it's a very narrow circumscribed use, and it's abused here in what you did. I'm sorry? I think you abused the court and the rule. I guess what she's really trying to say, if you read the rule on the motion to strike, where does it say that using the motion to strike for how you used it, which was to strike amendments, that that's the purpose? If we're going to find the purpose that you had in your motion to strike, it had to be an objection to the amendments. That's right. And what we were essentially ---- we were denied the opportunity to oppose those types of amendments because no motion for leave to amend was ever brought. In fact, it was based ---- the one thing that counsel did not do on behalf of his client was to amend to cure the jurisdictional defects, and that's part of our protective cross appeal. What he did do was add the same causes of action that were previously pled against now dismissed and settled with Defendant Coach USA and allege the identical conduct that was settled against Coach against First Transit. Well, I guess my next question is, on the motion to amend, if it really is, and it seems to me you were really fighting the motion to amend, what is the standard of review as to why a judge would not allow amendments? Well, prejudice, Your Honor. Well, that isn't the only. Well, I mean, my worry is, had you even answered? No, our response of pleading was the motion to dismiss. All right. The motion to dismiss is not a response to pleading. Motion to strike might be, but a motion to dismiss is not a response to pleading under our law, is it? It is not. And we did file a 12B6. That was based on the Garmin preemption. Well, I understand. But I guess my worry is, when was the trial? The trial was set for January, just a couple ---- less than a month later. I mean, at the time that all of these issues were decided, it was initially set for December. And when did the case come up to federal court? We removed it within 30 days. Wasn't it in May, just prior? So we had a May removal. We had then a motion to dismiss filed. He granted the motion to dismiss. Then they filed an amendment, and the amendments were objected to. And then, without even you having answered thus far, the judge then says, there are three causes of action which we're not even going to allow any further amendment for. I understand what Your Honor is saying. My response to that is that all parties had a full and fair opportunity to conduct discovery, to bring the claims that they had. We were closing in on what the trial date was. Well, on this closing in on the trial date, let's get the dates clear in my head. When was the pretrial conference that set the trial date? I don't know the exact date, Your Honor. I can get that for you. But it was months earlier. I think it was maybe August. Okay. Now, when did counsel amend the complaint? Counsel amended the complaint on November 7th. He didn't amend until then? That's correct. That was the date that he filed the amended complaint. Okay. And we filed our motion for summary judgment on November 29th, after everybody had a ‑‑ That is also when you filed your motion to strike. That's correct. We filed it at the same time. And I'll note that the motion for summary judgment, since the motion to strike had obviously not been ruled upon at that time, we filed it on all of the causes of action, including the newly pled ones. And the appellant opposed the motion based on all of the causes of action. It wasn't until we filed our reply, when the court had ultimately ruled on the motion to strike, that it was limited to the one FMLA cause of action. Now, is prejudice a basis for using a motion to strike? Well, in all candor to the court, it seemed like the appropriate response to what happened in this case, where we believed that the amendments had exceeded the issues before the court and what was being brought. And it seemed particularly inappropriate, given that the identical claims and allegations that were previously pled against Coach and settled, were now being turned around and repackaged and filed against First Transit. But there are issues in this record that would suggest, are there not, that there are questions of fact as to what you, the First Transit, undertook in its letters, as to what it was suggesting. I mean, there was one letter in there that says, yeah, you're terminated if you don't find some clearance by June 30. But then the next sentence in the very letter says, however, First Transit will employ you at the same position, at the same wage, if you can do something in 30 days. Well, isn't that an interesting issue, Your Honor? First of all, that's a letter sent by Coach, not First Transit. But, hey, that's easy to say, but it's Coach's representative who turns into First Transit's representative the next month. The same exact position, the same exact person who sends this letter, who represents in the same exact capacity the next month. Even though Coach terminated Ms. Brands, First Transit still offered her every available position it had. Well, that may be, but there are a lot of factual issues that might come up about that. And there are also a lot of things to be considered as to whether First Transit is a successor employer. And let's talk about that. Either they are or they aren't. And if they aren't, then Ms. Brands never was employed with them. Yeah, but we don't know that for sure. She says she was never terminated. She never thought she was terminated. But I think the record is clear that Coach did terminate her. Well, I've read the transcript, and they kept trying to force her to say that, and she wouldn't. And the letter is ambiguous, and the obligations of a successor employer need to be explored also. Well, and let's, if in fact First Transit is a successor, then there's this unity of interest between Coach and First Transit, and Ms. Brands settled her claims with Coach. We don't have that settlement before us. Do we know, did she settle all claims that might come up about anything? She settled her claims with Coach, and what we're saying is that if in fact First Transit is the successor employer, then she can't file the same claims against First Transit. Then if we look at what First Transit's actions in this case were, it offered her every available position, and that was its duty under the law, and that's what it meant. And I think there's another... Well, there's a little more to what it says, that you have to have an equivalent position with all of the perks and all of the things that go with it, and there's another question of fact there. She says that in my prior employment, because of my disabilities, I was entitled to a particular type of route. What she wanted to do, and I think the record is very clear on this, was what's called mini-bumping. She wanted to use her quote-unquote seniority to bump another employee out of a position that they had already bid on, but because of the fact that those bids had already taken place, she was not entitled to do that, and the disability law is very clear that you cannot overcome a valid seniority situation. Those routes had already been taken. Now, so I think that that is a critical issue for the court to decide this issue. I also want to point out that in response to the motion for summary judgment, we're talking about factual issues, but the appellant here did not dispute a single fact offered in support of the motion. And that in and of itself is a basis to grant the motion, and there's no evidence in the record. I appreciate the sort of factual disputes that Your Honor is raising, but if we look and examine the record evidence, it shows that that evidence is indeed uncontroverted. The appellant. This, wasn't the summary judgment motion dismissed without any ruling on it? No. There was, in fact, a ruling on it. Was there a ruling? There were orders, and just to remind the court, we brought that motion on behalf of all the causes of action, including the ones that the court granted the motion to strike on. And Mr. Abbasi opposed it on all causes of action. So all of that is in the record, and that's also part of our protective cross appeal, that summary judgment should have been entered on behalf of all the claims. I'd like to turn just for a brief moment to the issue of the refiling of the claims in state court. We did not take our action lightly in this case. We gave Mr. Abbasi every opportunity to dismiss those cases. They were refiled in state court in violation of the removal stay. Ultimately, when First Transit was forced to disclose all pending litigation to its auditors, to its insurance carriers for determination of what its outstanding liabilities were, we were ordered to take action to get that off the books. We removed it to federal court. It went before Judge Walter. We filed a notice of related actions. Judge Walter determined it wasn't just related to the prior case. It was the identical case. We served a Rule 11 motion. We gave the appropriate safe harbor provision, hoping that counsel would just simply dismiss. He did not. It went all the way to hearing and was consolidated with this appeal. And so I've never in my career had anything like that happen, where someone refiled the case in violation of the removal stay. If was there any... Go ahead. Go ahead. Well, is the sanctions for the filing in state court? Well, that's an interesting issue, and we briefed that. I think the sanctions are for the multiplication of the proceedings once they were in federal court after the removal. And there's some interesting case law that goes back and forth on that. But no, the sanctions are only for conduct that was for attorney's fees that were incurred in connection with the federal court action from the removal onward. And so we did not seek any fees for anything related to the state court. So it's only the federal court, Your Honor. As it relates to the summary judgment, and the summary judgment that was entered as to the FMLA claim, it's my understanding that you argue that she was given a comparable position. Is that true? Yes, it was the identical position. What was the plaintiff's argument? She wanted to be able to bump other drivers out of different routes that they already had, as I understood it. So the issue, the factual issue is, was it an identical route? The position was identical. The determining factor, she had the same pay, the same wages, the same benefits, the same classification. Simply having a different route on a bus route is not something that determines whether a position is different. Was that her position? Correct. Correct. And I see that I'm about my time limit. I'd like to reserve some for my co-counsel. And I thank Your Honors very much. Good morning again. May it please the Court. I represent Dr. Michael Hadley, who sort of comes in at the very, the tail end of this whole history that the Court has heard about this morning. He is brought into the action for the first time on November 7, 2005, which is the trial date, I believe, was in January. So on the eve of the trial, obviously. My understanding, too, because we weren't part of the action, obviously, before, Dr. Hadley was not part of the action before that. But the scope of the leave granted was dealing with the subject matter jurisdiction. Not to bring in an entirely new party who had no involvement in any of the procedural history that had preceded that amendment of the complaint. So what did you file? We ended up joining in the motion to strike. We didn't actually, we didn't file any. Joining the motions for summary judgment. No. You filed the motion to strike. Is there anything in a motion to strike which would suggest that one can, by such motion, eliminate an amendment? I believe so, because I think. Where in the rule does it say that? And under what standard of review? Well, I think the standard, Your Honor, is under federal rules, or FRCP 15. If he wants to bring in. Well, the motion to strike isn't under 15. No, but if he wants to bring in an entirely new party who. I mean, the other issue, too, is Dr. Hadley, my client, was apparently mentioned in some of the preceding, the original complaint, as I understand it, was mentioned. So he certainly, counsel knew about him. And yet, on the 11th hour, presumably to possibly get the trial date moved, he brings in my client. I think that's entirely inappropriate. That may be inappropriate, but is a motion to strike the way to remedy that? Well, given the 11th hour, by the time this was done, by the time my client even know about it, because obviously there's service involved, we find out about the pending motion to strike. We appear, and we join the motion. I mean, so in terms of me being able to, us being able to do something about it, this, again, this was very 11th hour. And the arguments, I thought, were entirely appropriate, that this exceeded the whole scope of the authority granted to leave. And that's to flush out maybe some of these subject matter jurisdiction issues and whatnot as it relates to existing parties. Did the plaintiff ever ask for the trial to be moved? No. I don't believe so, no. You could have brought a motion to dismiss? Presumably. You had remedies. I had remedies, and I thought that the remedy chosen was an appropriate one and the most, certainly the most expeditious. And you went and read the rule, did you? Pardon me? You went and read the rule and decided this was one you could bring under it? I thought it was an appropriate remedy. Yes, Your Honor. You didn't quite answer the question. I didn't go, when I got this case, I didn't go read the rule. That is correct. But, you know, it's the whole issue of prejudice, too. I mean, on the eve of trial, my client brought in, who is not involved really in this squabble or this dispute between these warring parties, and he's brought in on the 11th hour. Well, there was a contention that your client wrongly denied her certification to come back to work. Okay. Well, certainly Dr. Hadley didn't know about that because he wasn't brought into this until November 7th. Number two, if that's the case, that doesn't explain why Dr. Hadley wasn't named as a defendant a long time before he was named as a defendant. Here's where we are, really, it seems to me. We're at the 11th hour. We have an amendment which is filed in November. We have a trial going in January. Motion to strike may not have been the appropriate vehicle, but even if it's construed as a motion to amend, we figure out when was the complaint filed in the first place, when was it brought to federal court, what happened when it was brought to federal court, and when was it done. And you're really saying to us that for this judge, without giving us any idea of where he's really going, really, that a complaint can come to federal court in May, and he can set a trial in August for January, and then suggest that there's going to be some kind of an amendment, which only happens in November, and now when you fight the amendment in November, he's going to say that it was prejudicial to the party, and therefore, because the trial's upon us, we ought not to allow the amendment. And we weren't really given any occasion, if you will, to see whether the retaliation claim would survive, to see whether the infliction of emotional distress claim were to survive, to see whether the ADA claim would survive, or the wrongful termination. I mean, the only thing that we're left to determine whether we really have a claim or not is the FMLA claim, which he grants summary judgment. And now you're asking this court to suggest, in that time frame, with very short time frames, that it was not an abuse of discretion for the judge to say, when one party hadn't even given an answer yet, hey, set the trial back, and rule on the motions, and determine what ought to be, rather than throwing people out on a motion to strike when you haven't even determined whether it's futility. You're determining this on prejudice only. And with this short time frame, why is it appropriate? I mean, that's what we're really asking. That's what the good judge is going after. That's what's bothering me. I mean, if you have some way to suggest that the party was treated fairly on the time frame allowed, then it seems that discretion ought to be. Or do you say any judge's use of those timelines is appropriate? And that's what we're grappling with here. Well, one of the things, as it relates to Dr. Hadley, I understand the court's dilemma, but as it relates to Dr. Hadley, I think one of the things that may be fatal to plaintiff's claim, as it relates to Dr. Hadley, is he indicates that he certainly knew about Dr. Hadley. He apparently or allegedly had some allegations as to Dr. Hadley, although he was never named as a party. Yet, at the 11th hour, he then names him as a party. That's a problem. I understand. Okay. Thank you very much. Thank you. Appreciate it, Your Honor. Thank you. Case CR-55219, CR-06552850656761 are now submitted. We'll go back to Rodriguez-Espinosa. For the record, Mr. Manning, did you try to find if the appellants or petitioners were in the hall any place? I did. Well, no. Did you go out and look and there's no one here? Yep. No one's checked in at the clerk's office? That's what we have. We have the idea from the clerk that nobody's checked in at the clerk's office. Well, I'll admit, the baby judge is of some unknown about how to proceed. I'll take my good advice from this good judge who might have had that happen to her before, but it seems to me then we're ready to hear Espinoza v. Mukasey, and we'll hear the government's argument, and then we'll be finished. Well, we always ask this question. Would you like to submit on the briefs? Oh, that's another good question. Your Honor, this is Dave Downer on behalf of the Attorney General. I was actually contemplating asking the Court if it had any questions regarding this case for the government, and seeing none, I would submit on the briefs in this matter. If there are no questions, you submit. That's correct, Your Honor. That's fine, Counsel. Thank you for coming. And this is why you have good, competent, very knowledgeable judges to the side of you, helping you with these questions. We'll take it on the briefs. We appreciate it. Very well. Then the case of 06-71872, Espinoza v. Mukasey is hereby submitted. We'll now turn to case 06-55817, Raymond Torres v. the City of Los Angeles.
judges: Fletcher, Smith, King